**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAWN FABRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2450** |
| **REGIONS BANK** | **SECTION "B"(5)** |

<u>**ORDER AND REASONS**</u>

Before the Court are defendant Regions Bank's FRCP 12(b)(6) motion to dismiss for failure to state a claim (Rec. Doc. 7), plaintiff Dawn Fabre's response in opposition (Rec. Doc. 12), and defendant's reply in support (Rec. Doc. 13). For the following reasons,

**IT IS ORDERED** that defendant Regions Bank's FRCP 12(b)(6) motion to dismiss for failure to state a claim (Rec. Doc. 7) be **GRANTED IN PART**, in accordance with this Order. Plaintiff's claims based on wrongful foreclosure are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Plaintiff's shall file an amended complaint with respect to specific facts supporting her claims of breach of contract and fraud **<u>no later than February 12, 2025</u>**. **Failure to timely amend the complaint will lead to the dismissal of the action without future notice.**

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

Contending her mortgage holder breached their contract, conducted a wrongful foreclosure, and committed fraud, plaintiff Dawn Fabre filed a state court claim in the Twenty Ninth Judicial District Court for the Parish of St. Charles. Rec. Doc. 1 at 3 ¶ I ¶¶ 9. In her petition, Fabre claimed that in December of 2012, she and her then-husband, Michael A. Fabre, purchased a home in Luling, Louisiana ("Property"). Rec. Doc. 1-1 at 1. When said Property was purchased, it was subject to a note and mortgage held by Regions Bank d/b/a Regions Mortgage ("Regions"). *Id.*

Subsequently, following divorce proceedings, Dawn Fabre became the sole owner of the Property. *Id.* at 2 ¶ 6. Soon thereafter, Fabre entered into a monthly payment agreement with Regions, which she alleges "almost immediately" faced "accounting irregularities with [the] application of payments," causing Fabre to face foreclosure. *Id.* at 2 ¶ 7. To stop the foreclosure process, Fabre claims she was "forced to file a Chapter 13 bankruptcy in the [United] States Bankruptcy Court for the Eastern District of Louisiana, on July 3, 2019, bearing case number 19-11804." *Id.* at 2 ¶ 8. While participating in her bankruptcy plan, Fabre was also being threatened with further litigation regarding her failure to remove her ex-husband's name from the mortgage in adherence to her divorce agreement. *Id.* at 2 ¶ 10. To prevent further litigation, Fabre searched for and later "fell victim to another lender" who she claims offered to refinance her mortgage if she voluntarily dismissed her bankruptcy case. *Id.* at 2-3 ¶ 13. On May 24, 2023, in reliance of the new lender's representations, Fabre voluntarily dismissed her bankruptcy case. *Id.*

Prior to this voluntary dismissal, Fabre further contends that the Property was damaged when Hurricane Ida struck the St. Charles Parish area. *Id.* at 2 ¶ 11. Due to the damage incurred, Fabre avers that her insurer tendered proceeds for the property damage claim directly to Regions. *Id.* Plaintiff alleges that "Regions still holds these insurance proceeds, which are significant, and never applied the amounts to the indebtedness, nor has Regions returned the proceeds to the Plaintiff as is required by the mortgage." *Id.* at 2 ¶ 12. Following her voluntary dismissal of her bankruptcy proceedings, plaintiff states defendant "immediately began aggressive foreclosure actions and ultimately foreclosed on the Property on August 23, 2023. *Id.* at 3 ¶ 14.

Plaintiff alleges defendant breached the mortgage contract by not properly accounting on the mortgage loan, not properly applying the insurance proceeds to the money owed them, or upon receipt of the insurance proceeds disbursing them onto the plaintiff. *Id.* at 3 ¶ 16. Further, plaintiff

also claims that defendant is liable for wrongful foreclosure, in that the insurance proceeds were not applied to the mortgage indebtedness nor returned to the plaintiff. *Id.* at 4 ¶ 23. Finally, the plaintiff alleges that the defendant is also liable for fraud in that Regions knowingly withheld plaintiff's proceeds and went forward with the foreclosure. *Id.* at 4 ¶ 27. Plaintiff alleges she is entitled to actual, general, and special damages for loss of her property, loss of insurance proceeds, emotional distress, mental anguish, embarrassment, humiliation, attorney's fees and costs of this court, and any other relief this Court finds appropriate. *Id.* at 5 ¶ 27.

Defendant timely removed the action pursuant to 28 U.S.C. § 1332 diversity jurisdiction. *See* Rec. Doc. 1 at 4 ¶ II. On October 18, 2024, defendant then filed its motion to dismiss for failure to state a claim. Rec. Doc. 7. Plaintiff opposes to which defendant replies. Rec. Docs. 12 and 13.

## LAW AND ANALYSIS

### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (discussing Fed. R. Civ. P. 8(a)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

3

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge [] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007) (citation omitted). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quotation omitted); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). The Court may take judicial notice of public records while conducting a 12(b)(6) analysis. *See Viking Constr. Grp., LLC et al. v. Satterfield & Pontikes Constr. Grp., et al.*, No. 17-12838,

2018 WL 398751, at *4 n.18 (E.D. La. Jan. 12, 2018); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017).

Here, plaintiff includes in her original state court filing the Property's note and mortgage contract. *See* Rec. Doc. 1-1 at 4, 6-18. The petition for foreclosure was included in defendant's motion for dismissal filing. *See* Rec. Docs. 1-1. All these documents are central to plaintiff's complaint, and are either attached to plaintiff's initial pleading, defendant's motion to dismiss, or plaintiff's opposition. Rec. Docs. 7 and 12. Thus, all are appropriately considered in these Rule 12(b)(6) motions.

It is not uncommon for a court to allow a plaintiff at least one chance before dismissing the action with prejudice when the dismissal is for failure to state a claim. Fed. R. Civ. P. 15(a); *see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, "leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. V. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones v. Robinson Prop.Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). Further, the Fifth Circuit has made clear that a court should deny leave to submit futile amendments if the defects are incurable. *See Id; Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C.*, 751 F.3d at 378.

**B. <u>Jurisdiction and Application of Louisiana Substantive Law</u>**

The plaintiff is pursuing claims rooted in both state and federal law, plaintiff's complaint is primarily a breach of contract resulting in a wrongful foreclosure between parties with diverse citizenship. *See* Rec Doc. 1 at 4-6. In a diversity case, this court must apply the forum

state's substantive law. *Iberiabank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 344 (5th Cir. 2020).  Thus, as to claims not implicating federal statutes, Louisiana substantive law applies.

C.  **Res Judicata and Louisiana Law Preclusion**

The Full Faith and Credit Statute, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466 (1982). The plaintiff's claims in the above captioned matter will follow the same rule. Further, "[a]s a matter of federal common law, federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interest." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citing *Semtek Int'l Inc. v. Lockheed* 36 *Martin Corp.*, 531 U.S. 497, 508 (2001)). Here, this suit was filed in Louisiana. Thus, Louisiana Revised Statute 13:4231 is the statute which will govern, as a Louisiana Court would apply this statute when determining whether a suit is precluded by res judicata. LA. STAT. ANN. § 13:4231 (2024).

The Louisiana res judicata statute provides, "except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review." *Id.* In the germane part of the statute, "[i]f the [valid and final] judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." LA. STAT. ANN. § 13:4231(2) (2024). "A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." LA. STAT. ANN. § 13:4231(3) (2024). "The four prerequisites for the application of res judicata under La. R.S. 13:4231 are: (1) the parties must be identical in both suits, or in

privity; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3)

there must be a [valid and] final judgment on the merits; and (4) the same claim or cause of action

must be involved in both cases." *Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1026 (5th Cir. 2012)

(citing LA. STAT. ANN. § 13:4232 (2024)); *see also Countrywide Home Loans Servicing, LP v.*

*Thomas*, 2012-CA-1304, p. 4 (La. App. 4 Cir. 03/20/13), 113 So. 3d 355, 358-359.

Application of Louisiana Revised Statute 13:4231 fosters judicial efficiency and protects

litigants from duplicative litigation. *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 810 (5th

Cir. 2000) (citations omitted). Specifically, the clause within the statute "causes of action existing

at the time of the final judgment" asserts that prior to trial, parties must assert all their rights and

claim all their remedies arising out of the transaction or occurrence. LA. STAT. ANN. § 13:4231

(2024). Were a claim to arise before trial which was not previously asserted, the party seeking

remedy may assert that claim through an amended or supplemental petition. *Id.*; LA. CODE CIV.

PROC. ANN. art. 1153 (2024); LA. CODE CIV. PROC. ANN. art. 1155 (2024). The party may also

seek a reservation in the final judgment for the right to bring another action. LA. STAT. ANN. §

13:4232(A)(3) (2024). No reservations, amendments, or supplementals have been alleged to have

occurred in the state proceedings per Fabre's petition. *See* Rec. Doc. 1-1. However, if the cause of

action arose after the rendition of the final judgment, parties would not be precluded from raising

causes after the final judgment. LA. STAT. ANN. § 13:4232 (2024).

First, there is no dispute that plaintiff Dawn Fabre and defendant Regions were parties to

both the suit in the 29th Judicial District Court. *See* Rec. Doc. 1-1; *see* also Rec. Doc. 7. Second,

after reviewing the record and noting that the 29th Judicial District Court had both subject-matter

jurisdiction and personal jurisdiction over the plaintiff, it is clear, and would be futile to argue, that

the foreclosure proceedings did not occur in a court of competent jurisdiction. Finally, both parties

involved offer no dispute that the prior litigation resulted in a valid, final judgment. *See* Rec. Doc. 1-1; *see also* Rec. Doc. 12 at 3; *see also* Rec. Doc. 7.

Foreclosures are commenced upon the filing of a petition for executory process. *Deutsche Bank Nat'l Trust Co. v. Price*, 2021-CA-0430, p. 9 (La. App. 4 Cir. 12/15/21), 333 So. 3d 1280, 1286. Here, Regions was granted the Writ of Seizure and Sale on March 6, 2019. *See* Rec. Doc. 7-2. Under Louisiana law, a debtor may object to an executory process proceeding in two ways either through (1) filing an injunction to arrest the seizure and sale, or (2) filing a suspensive appeal from the order of seizure and sale. LA. CODE CIV. PROC. ANN. art. 2642 (2024). If neither occur, then the party waives any defenses or procedural objections to the executory process proceeding. *See, e.g.*, *Alphonse v. Arch Bay Holdings, L.L.C.*, No. 12-330, 2-13 U.S. Dist. LEXIS 822, 2013 WL 55911, at *4 (E.D. La. Jan. 3, 2013). Thus, an unopposed order of seizure and sale in the executory proceeding does preclude a borrower from raising claims that could have been asserted in the foreclosure action, as it is a final judgment for res judicata purposes. *See, e.g.*, *Jackson v. Bank of Am., N.A.*, 13-5795, 2013 WL 6185037 AT *2 (E.D. La. July 29, 2013).

Nonetheless, parties do dispute the following: (1) whether the causes of action asserted in the present suit existed at the time of the final judgment; and (2) if the causes of action asserted in the present petition arose out of the transaction or occurrence that was the subject matter of the executory process lawsuit. Plaintiff contends that the insurance proceeds received and not applied to her mortgage indebtedness occurred after 2021, three years past the Order commanding Writ of Seizure and Sale on March 6, 2019. *See* Rec. Doc. 1-1; Rec. Doc. 12 at 3-4. Defendant disputes that plaintiff's assertion that this claim arose after the final judgment and reiterates its argument that all of plaintiff's claims arose before the Sheriff's sale on August 23, 2023. Rec. Doc. 13 at 2.

To determine whether two suits involve the same claim or cause of action, courts apply a transactional test. *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). "The transactional test focuses on whether the two cases are based on the same nucleus of facts." *Id.* (quotation cleaned up, citation omitted). In this inquiry, the court does not look to legal theories, but on the factual predicate of the claims asserted. *Id.* Plaintiff's claims of fraud and breach of contract are causes of action arising out of the same transaction or occurrence, especially those claims which arose from the alleged accounting irregularities and applications of payments which occurred prior to the Order for Writ of Seizure and Sale.

The novelty of the circumstances found in this matter is recognized. In fact, the Court does not need to address all the claims through res judicata, as the claims arising from the insurance proceeds should be dismissed as plaintiff has failed to state a claim upon which relief can be granted. But were the insurance proceeds claims viable, they would not be barred by res judicata. The claims surrounding the insurance claim proceeds came into existence after 2021, three years past the final valid judgment in the state court. Therefore, plaintiff's cause of action concerning the insurance proceeds cannot arise out of the same occurrence as did the executory proceeding—Fabre's default on her loan from Regions. Therefore, despite the state court's order of seizure and sale, signed five years ago being final, this claim is not barred by res judicata. The doctrine of res judicata can only preclude the plaintiff from bringing claims for damages that resulted from the seizure in this Court. *Antoine v. Chrysler Fin. Corp.*, 2000-CA-0647, p. 2 (La. App. 4 Cir. 03/07/01), 782 So. 2d 651, 652-653.

## D. **Breach of Contract**

As stated previously, if parts of plaintiff's suit were not barred on res judicata grounds, the Court would still dismiss it, because plaintiff has failed to state a claim upon which relief can be

9

granted. Under Louisiana law, a contract is "the law between the parties." *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). Thus, interpretation of a contract is the quest to determine "the common intent of the parties." LA. CIV. CODE ANN. art. 2045 (2024). A provision within a contract is not interpreted in isolation but "in light of the other provisions so that each is given the meaning suggested by the contract as a whole." LA. CIV. CODE ANN. art. 2050 (2024). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV. CODE ANN. art. 2046 (2024). However, "when a contract is ambiguous, the trier of fact must resolve the factual issue of intent." *Keiland Constr., L.L.C. v. Weeks Marine, Inc.*, 109 F.4th 406, 416 (5th Cir. 2024) (quotation cleaned up, citation omitted). As such, where a court must resolve contractual ambiguity, "judgment on the pleadings or summary judgment is improper." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007) (citation omitted). Nonetheless, where the contract provides only one reasonable interpretation based on "the general, ordinary, plain and popular meaning of the words used", the contract is unambiguous and is applied as a matter of law. *Prejean v. Guillory*, 2010-0740 (La. 7/2/10), 38 So. 3d 274, 279.

Parties disagree over the interpretation of the pertinent clause in the mortgage contract. Plaintiff contends that the mortgage requires Regions to apply the insurance proceeds either to the repairs of the damaged property or to plaintiff's outstanding mortgage balance. Rec. Doc. 1-1 at 3-4; Rec. Doc. 12 at 3. Defendant disputes stating the contract merely provides that Regions may apply the insurance proceeds to the borrower's outstanding indebtedness. Rec. Doc. 7-1 at 11. To emphasize their claim, defendant alludes to the mortgage which states:

> **4. Fire, Flood and Other Hazard Insurance**.
> . . .
> In the event of loss, . . . [e]ach insurance company concerned is
> hereby authorized and directed to make payment for such loss

> directly to Lender, instead of to Borrower and Lender jointly. **All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal or (b) to the restoration or repair of the damaged Property**. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.
>
> **In the event of foreclosure** of this Security Instrument or other transfer of title to the property that **extinguishes** the indebtedness, **all right**, title and interest **of the Borrower in and to insurance policies in force shall pass to the purchaser.**

Rec. Doc. 1-1 at 3 ¶ 4; Rec. Doc. 7-1 at 12. By the very language of the contract, all or any part of the insurance proceeds may be applied at the Lender's option. In the subsection following this pronouncement, the mortgage contract then clearly indicates that in the event of foreclosure all rights of the borrower in and to insurance policies shall pass to the purchaser. Being that the plaintiff and defendant both argue that the state court's order is a final and valid judgment, plaintiff would not have been entitled to the insurance proceeds, per the mortgage contract. *Id.* This aspect of the contract appears to bar plaintiff's breach of contract claim.

Throughout her petition, plaintiff Fabre also raises claims that Regions is liable for breach of the contract because it did not properly account or apply all monies paid to them, including the insurance proceeds. *See* Rec. Doc. 1-1 at 2-4. Having considered the record, the Court concludes that plaintiff's petition fails to clearly identify an action by Regions that definitively proves a breach occurred. Further, plaintiff's generalizations about not properly accounting or applying monies to plaintiff's outstanding balance has not been substantiated through her petition. In sum,

11

the clear language found in the contract and the plaintiff's unsubstantiated allegations of improper accounting reveal no breach of contract from the current pleadings.

In its current form, plaintiff's complaint fails to provide a basis for her breach of contract claim. More specifically, plaintiff has not produced facts which show that Regions either or both improperly accounted and applied monies paid on plaintiff's outstanding mortgage balance. No attached exhibit currently supplies such confirmation; thus, no attached exhibit is sufficient for this purpose. Nonetheless, recognizing that pursuant to Federal Rule of Civil Procedure 15(a)(2) we "should freely give leave when justice so requires," plaintiff is permitted to amend her complaint with respect to her breach of contract claim. More specifically, plaintiff must produce facts which prove that Regions either or both improperly accounted and applied monies paid on plaintiff's outstanding mortgage balance. Without such evidence, this claim will be dismissed.

## E. Fraud

Under Louisiana law, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LA. CIV. CODE ANN. art. 1953 (2024). "Fraud may also result from silence or inaction." *Id.* Federal Rule of Civil Procedure 9(b) requires that all claims of fraud be pled with particularity, specifically "the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) (quotation cleaned up, citation omitted). The elements of a Louisiana fraud claim are: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to the circumstance substantially influencing the victim's consent to (a cause of) the contract." *Jones v.*

*Wells Fargo Bank, N.A.*, 626 F. App'x 500, 505 (5th Cir. 2015) (quoting *Shelton v. Standard/700 Assocs.*, 798 So. 2d 60, 64 (La. 2001)). Fraud is not actionable where "the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." LA. CIV. CODE ANN. art. 1954 (2024).

Plaintiff contends defendant fraudulently withheld insurance proceeds owed to the plaintiff through reimbursement or a reduction in mortgage indebtedness. Rec. Doc. 1-1 at 4 ¶¶ 25-26. First, the language of the mortgage contract does not imply that defendant must either reimburse plaintiff or reduce mortgage indebtedness when the defendant, here Regions, acquires insurance proceeds on plaintiff's Property. Rec. Doc. 1-1 at 3 ¶ 4; Rec. Doc. 7-1 at 12. Second, plaintiff has not provided any evidence that defendant did misappropriate any monies paid to it by plaintiff or that defendant was not entitled to the insurance proceeds once the foreclosure took place. *See* Rec. Doc. 1-1. Therefore, plaintiff has not met the requirements of her fraud claim because there is no specification of "the time, place and contents of false representation, as well as the identity of the person making the misrepresentation and what the person obtained thereby." *Id.*; *see also U.S. ex rel Grubbs*, 565 F.3d at 188. Here, the plaintiff simply provides conclusions that the defendant committed fraud by retaining insurance proceeds, denied her the funds to use at her discretion, and improperly accounted for and applied all money received by plaintiff.

Taking plaintiff's allegation in a light most favorable to her, the allegations of Regions' fraudulently acquired unjust enrichment remain speculative in its current form. Additionally, plaintiff's response also fails to request leave to amend their complaint. Nonetheless, in compliance with Federal Rule of Civil Procedure 15(a)(2), plaintiff is permitted to amend her complaint with respect to specific facts supporting the claim. More specifically, without articulated support of other fraud elements, this claim will be dismissed.

F. **Wrongful Foreclosure**

On March 16, 2019, a writ of seizure and sale was ordered on Fabre's Property. Rec. Doc. 7-2 at 5.  The Property was later foreclosed upon and sold by the seizing creditor, Regions, through a Sheriff's Sale on August 23, 2023. Rec. Doc. 13 at 2. Thereby, considering the two appraisals obtained prior to the sale, petitioner incurred a loss estimated to be about eighty-three thousand, one hundred ($83,100.00) dollars. Under Louisiana law, "[s]eizure pursuant to executory process is wrongful if the procedure required by law for an executory proceeding has not been followed." *Wade v. Tower Partners, L.L.C.*, 688 So. 2d 709, 712 (La. App. 4 Cir. 1997) (citing LA. CODE CIV. PROC. ANN. art. 1954 (2024)).

Executory proceedings in Louisiana are *in rem* actions which provide simple, inexpensive, and expeditious procedure through which creditors may seize and sell property upon which they enjoy a mortgage and privilege. *Deutsche Bank Nat'l Trust Co. ex rel. Morgan Stanley ABS Capital 1, Inc. v. Carter*, 10-CA-66359, p. 6 (La. App. 5 Cir. 01/25/2011), 59 So. 3d 1282, 1286. Here, the foreclosure process began with an executory proceeding in 2019, years before the alleged damage to the property. Plaintiff never alleges that the procedures required by law were not followed. *See* Rec. Doc. 1-1; *see also* Rec. Doc. 12.

In Louisiana, remedies for executive proceedings are statutorily specified. LA. CODE CIV. PROC. ANN. art. 2642 (2024). As previously stated, defenses to executory proceedings include: "[filing an] injunction proceeding to arrest the seizure and sale as provided in [Louisiana Code of Civil Procedure] Articles 2751 through 2754, or [filing] a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both." *Id.*; LA. CODE CIV. PROC. ANN. art. 2751 (2024); LA. CODE CIV. PROC. ANN. art. 2752 (2024); LA. CODE CIV. PROC. ANN. art. 2753 (2024); LA. CODE CIV. PROC. ANN. art. 2754 (2024). Fabre's petition does not indicate that she

undertook any of the statutorily offered remedies. Therefore, taking plaintiff's allegation in the light most favorable to her, the allegation of wrongful foreclosure fails in its current form. Accordingly, construing plaintiffs petition and opposition memorandum liberally, she does not have a valid wrongful foreclosure claim.

New Orleans, Louisiana this 28th day of January, 2025

_____

SENIOR UNITED STATES DISTRICT JUDGE